UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN DIEGO RUIZ REAL, *proceeding by his next friend* LUIS ALEJANDRO RUIZ AMADOR,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2955

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, proceeding by his next friend Mr. Luis Alejandro Ruiz Amador, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to

[1] As set forth below, the Court will permit Mr. Ruiz Amador to proceed as next friend of Petitioner in this action.

release Petitioner or provide Petitioner with a new constitutionally adequate bond hearing. (Pet., ECF No. 1, PageID.7.) In an order entered on October 20, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the September 23, 2026, bond hearing on October 22, 2026. (Resp., ECF No. 6; Recording of Sept. 23, 2026, Bond Hearing, filed on Oct. 22, 2026.)

## II. Next Friend Status

As a preliminary matter, the Court must determine whether Mr. Ruiz Amador may proceed as "next friend" of Petitioner. A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf," known as a "next friend." 28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989). "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted). Next friend status, therefore, is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

To act on a detainee's behalf, a putative next friend must demonstrate that the detainee is unable to prosecute the case on his or her own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The *Whitmore* Court noted that the next friend might demonstrate his or her dedication to the "best interests" of the real party in interest by showing "some significant relationship" with

that party. *Whitmore*, 495 U.S. at 164. The putative next friend must clearly establish "the propriety of his [or her] status" in order to "justify the jurisdiction of the court." *Id.* (citations omitted). Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163.

"[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee . . . could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend "must clearly and specifically set forth facts sufficient to satisfy the[] Art[icle] III standing requirements" because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56 (citation omitted). Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514; *see Whitmore*, 495 U.S. at 163.

In this action, the Court concludes that the petition and attached documents adequately demonstrate that the justice system is inaccessible to Petitioner, who is detained in an ICE detention facility with limited English proficiency. Moreover, Mr. Ruiz Amador, Petitioner's father, has demonstrated both a significant relationship with Petitioner, and that he is truly dedicated to acting in Petitioner's best interests. Accordingly, the Court will permit Mr. Ruiz Amador to proceed as next friend to Petitioner.

## III. Relevant Factual Background

Petitioner is a citizen of Colombia who entered the United States in 2018. (2026 Form I-213, ECF No. 6-1, PageID.108.) On April 13, 2026, Petitioner was arrested by ICE at the Brevard County Jail in Miami, Florida. (*Id.*)

On September 23, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.6.) At the conclusion of the January 27, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Bond is denied because [Petitioner] failed to show he was not a danger or a flight risk." (Immigration Judge Order, ECF No. 6-4, PageID.120.)

## IV. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## V. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 30, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge